IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>TONY LEROY CLEVELAND,<br><br>      Defendant. | Case No. 08-CR-0163-001-JFH<br><br>USM No.: 10468-062 |

**OPINION AND ORDER**

Before the Court is Defendant Tony Leroy Cleveland's ("Defendant") Motion for Compassionate Release and Sentence Reduction ("Motion") filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. No. 95] and Exhibit(s) in support of Document [Dkt. No. 96]. In his Motion, Defendant argues that extraordinary and compelling circumstances warrant a reduction of sentence because: 1) he would no longer be a career offender under the Sentencing Guidelines or subject to the mandatory consecutive 25-year sentence for his § 924(c) convictions, thereby creating a sentencing disparity between his sentence and the sentence he would receive today; 2) chronic medical conditions mitigate his risk to the community and place him at risk should he succumb to a COVID-19 infection, and 3) exemplary post-conviction rehabilitation. He requests that the Court appoint counsel to assist in arguing his motion, reduce his sentence to time served or, in the alternative, grant any other relief it deems appropriate. *Id.*

The Court previously found that Defendant had exhausted his administrative remedies, giving this Court jurisdiction to consider his Motion. *See* Dkt. No. 97 at 1. Further, the Court is apprised of the issues sufficiently argued by Defendant and notes that, "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009) (quoting *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir.

2008)); *see also United States v. Little*, Case No. 14-195-KG, 2020 WL 2736944, at 1-2 (D.N.M. May 26, 2020) (denying motion for appointed counsel of defendant seeking compassionate release). Accordingly, Defendant's request for appointment of counsel is DENIED.

The United States of America (the "Government") has filed a Response in Opposition to Defendant's Motion [Dkt. No. 98]. The Government argues that the Court should deny Defendant's motion for relief because, although he would face a lower sentence today for the crimes to which he plead guilty, he would likely be required to plead to additional counts for which he was charged, resulting in a sentence consistent with the term imposed. The Government further argues that § 3553(a) factors such as his offense conduct, criminal history, and record of disciplinary infractions weigh against release. On June 26, 2023, Defendant filed a Response to the Government's opposition to reduction of sentence [Dkt. No. 101]. In his reply, Defendant reiterated his arguments, questioned the Government's analysis of the sentence he would likely face if sentenced today, and focused on the Government's disregard for the First Step Act's interest in minimizing sentencing disparities when stressing that § 3553(a) factors warrant denial of his motion. For the reasons set forth below, Defendant's Motion [Dkt. No. 95] is DENIED.

## BACKGROUND

On September 16, 2008, Defendant plead guilty to counts two, four and five of a nine-count indictment, charging possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (counts 2 & 4), and interference with commerce, in violation of 18 U.S.C. § 1951 (count 5). On January 28, 2009, United States District Judge James H. Payne sentenced Defendant to a total term of imprisonment of 571 months, 151 months as to count 5, 120 months as to count 2, and 300 months as to count 4, all counts to run consecutively to each other. Dkt. No. 27 at 2. Defendant was also ordered to pay a $300 assessment and restitution to

two payees totaling $11,126.02. *Id*. at 6. Defendant is currently imprisoned at FCI Butner Medium II. His presumptive release date is June 28, 2049.

Defendant filed his first § 3582(c) Motion in late-2020, arguing health concerns and the risk posed by COVID-19 and exemplary institutional adjustment [Dkt. No. 61]. This Court denied the motion, citing the violent nature of the instant crimes and Defendant's criminal past. Dkt. No. 65 at 2-3. In December 2020, Defendant filed a Motion to Reconsider [Dkt. No. 66], supplements to his motion, and a reply to the Government's opposition to his motion. In his motion and supplements, Defendant again argued health concerns and the threat of COVID-19 exposure, and that his stacked § 924(c) convictions exceeded what he would face if sentenced today. This Court denied Defendant's motion, noting that under current law, Defendant would likely be required to plea to additional § 924(c) counts, resulting in a sentencing range consistent with Defendant's actual conduct and comparable with similarly situated defendants [Dkt. No. 82 at 4-5] and § 3553(a) factors citing the violent nature of the instant crimes and Defendant's extensive and violent criminal past [*Id*. at 6]. Defendant appealed, and the Tenth Circuit affirmed based on a proper analysis of § 3553(a) factors. *United States v. Cleveland*, No. 21-5045, 2021 WL 4006179 at *2 (10th Cir. Sep. 3, 2021) [Dkt. No. 92].

## STANDARD OF LAW

The Tenth Circuit has adopted a three-step test for considering motions for compassionate release. *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). The first step requires the Court to determine, at its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. *Id*. The second step requires that the Court find whether such reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. *Id*. The third

step requires the Court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction authorized by steps one and two is warranted under the particular circumstances of the case. *Id.* The Court must address all three steps when granting such motion. *Maumau*, 993 F.3d at 831, n.4 (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)). However, because the policy statements of the Sentencing Commission have not been updated since enactment of the First Step Act,[1] which amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to file motions for compassionate release directly with the Court, the existing policy statements are not applicable to motions filed directly by defendants. *Maumau*, 993 F.3d at 834. Finally, if the Court finds that any of the three prerequisite steps are lacking, the Court may deny the compassionate release motion without addressing the additional steps. *Maumau*, 993 F.3d at 838 n.4. (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

## ANALYSIS

As to step one, the Court must determine, in its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. *Maumau*, 993 F.3d at 831. Defendant argues that his sentence should be reduced for the following "extraordinary and compelling reasons": (1) that he is no longer a career offender under the Sentencing Guidelines, and under the Supreme Court's decision in *Taylor* his § 924(c) convictions would no longer stack, creating a sentencing disparity between his sentence and the sentence he would receive if sentenced today; (2) that he suffers from chronic medical conditions which place him at greater risk of severe illness should he succumb to COVID-19, and his threat to the community if release is mitigated by his medical conditions; and (3) his post-conviction rehabilitative efforts and institutional adjustment warrant release. Dkt. No. 95 at 5-14.

---

[1] Any current proposed amendments will not be effective until November 1, 2023.

Defendant's medical condition and institutional adjustment do not form a basis for relief under § 3582(c). Defendant has a history of diverticulitis and prostate cancer. In January 2020, he underwent open colon resection, end-colostomy, an appendectomy, and hernia repair. In January 2021, he underwent an open takedown of the end colostomy, low rectal anastomosis, a loop ileostomy and rigid proctoscopy. The Court has reviewed Bureau of Prisons' medical records compiled from March through April 2023, which reflect that Defendant's malignant neoplasm of prostate is in remission, and his diagnoses of prediabetes, unspecified abdominal pain, and lower back pain are either resolved or under care as needed. His primary concern remains hypertension and occasional abdominal pain. He is on follow-up sick call and chronic care clinic as needed, counseling, and colonoscopy monitoring. The record here clearly reflects that Defendant is not at undue risk. This finding is based upon Defendant's imprisonment at a facility capable of providing immediate diagnosis and specialized treatment for a wide range of health concerns; his current medical care classification; and Defendant's medical records depicting comprehensive medical care, which includes routine follow-up care and ongoing monitoring of his health concerns. Defendant clearly suffers from chronic health comorbidities. However, he has not demonstrated that his imprisonment places him in jeopardy of life-threatening complications based on this Court's examination of his various medical conditions, classification status, and treatment history.

Defendant also argues that his favorable institutional adjustment warrants release. Defendant has achieved his GED and participated in 197 additional hours of programming. Since imprisoned, he has committed four rule violations – being insolent to staff and possessing stolen property in February 2016, disruptive conduct – greatest in January 2017, and fighting with another person in September 2019. Defendant's institutional adjustment, although satisfactory based on

his length of imprisonment, does not rise to the level of an extraordinary and compelling factor worthy of § 3582(c) consideration.

As to Defendant's argument that if sentenced today for the crimes to which he pled guilty, he would face a lower sentence, he is correct. First, because Hobbs Act robbery no longer qualifies as a crime of violence under USSG § 4B1.2(a), Defendant would no longer be classified as a career offender. *United States v. O'Connor*, 874 F.3d 1147, 1158 (10th Cir. 2017). Thus, today he could not be convicted under § 924(c) as charged in Count Two, because that charge derives from the *attempted* Hobbs Act robbery charged in Count One. Following *United States v. Taylor*, 142 S. Ct. 2015 (2022), attempted Hobbs Act robbery is no longer a valid predicate for Defendant's § 924(c) conviction in Count Two. Even if *Taylor* did not invalidate his conviction on Count Two, because the First Step Act removed § 924(c)'s enhancement provisions, instead of a 300-month sentence, Defendant would today face an 84-month consecutive sentence for his second § 924(c) conviction. Thus, if sentenced today on the remaining counts to which he plead guilty, Defendant would face a sentencing range of 168 to 189 months imprisonment, including 84 to 105 months for his Hobbs Act robbery conviction (Count Five) and 84 months for the remaining § 924(c) conviction (Count Four). *See* PSR at ¶¶ 3 and 55); *see also* USSG §§ 2B3.1 and 4B1.1(c)(2); 18 U.S.C. § 924(c)(1)(A)(ii). The Court finds that this factor presents an "extraordinary and compelling reason" which may warrant a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Having found that an extraordinary and compelling circumstance exists that may warrant a reduction of sentence, and that Sentencing Commission policy statements are not applicable, the Court must next consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether a reduction is warranted and, if so, to arrive at an appropriate sentence. Defendant's instant crimes

involve three separate robberies, each involving the brandishing of a firearm and threats of injury or death. In one robbery, when a customer did not comply with Defendant's commands, Defendant responded by discharging a round in the customer's direction, which resulted in the ejected shell jamming the weapon. Noticing the weapon was inoperable, another customer intervened and during the struggle, Defendant struck the customer in the head. PSR, ¶¶ 6-9. The Court notes that Defendant committed the instant offenses within ten months of his release from supervision by the Oklahoma Department of Corrections for four separate robbery with firearms convictions and one conviction for assault and battery with a dangerous weapon (edged instrument resulting in bodily injury). *See* PSR ¶¶ 33 – 37. Further, as argued by the Government, if adjudicated today, Defendant would likely be required to plea to additional offenses and thus, would still face a significant sentence. In addition, Defendant has a history of several arrests for violent crimes, including strong arm robbery, where Defendant allegedly pulled a knife and attempted to cut the victim (PSR ¶ 41); assault with a dangerous weapon, alleging Defendant attempted to strike the victim with a bat (PSR ¶ 42); and aggravated assault with a dangerous weapon, alleging Defendant attempted to stab a woman with a knife (PSR ¶ 43). Defendant is a serial armed robber who has repeatedly demonstrated he has no reservation about using violence against others. Further, Defendant's criminal history suggests he will likely reoffend shortly upon release. The extent and serious nature of the instant conduct and Defendant's extensive and violent criminal history constitute aggravating factors that heavily weigh against any modification of sentence. If a proposed modified sentence strays too far from the original sentence, § 3553(a) factors cannot support the sentence reduction, even where a defendant faces an extraordinary and compelling circumstance. Reducing Defendant's sentence by a significant amount would produce a sentence that no longer reflects the seriousness of the offense, promotes respect for the law, and affords

adequate deterrence to criminal conduct. Further, as set out in the dissent in *Maumau,* 993 F.3d at 838 (Tymkovich, J. concurring), cases rising to the level of extraordinary and compelling "should be relatively rare" and based on a consideration of a defendant's individualized circumstances. Consequently, based on the Court's analysis and balancing of the single basis for reduction of sentence against § 3553(a) factors, a reduction in sentence is not warranted.

The Court finds that the original sentence is sufficient, but not greater than necessary, to comply with the purposes of imposing a sentence. Consideration of § 3553(a) factors justify the sentence imposed after consideration of the nature and characteristics of the Defendant, the seriousness of the offenses, the need to promote respect for the law, the necessity to protect the community from further crimes by Defendant, and the need to provide for adequate deterrence. 18 U.S.C. § 3553(a)(1) & (2)(A)-(D).

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release and Sentence Reduction filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. No. 95] is DENIED.

DATED this 17th day of July 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE