**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 08-CR-0163-001-JFH |
| **TONY LEROY CLEVELAND,** | USM No.: 10468-062 |
| **Defendant.** | |

**OPINION AND ORDER**

Before the Court is Defendant Tony Leroy Cleveland's ("Defendant") third Motion for Compassionate Release and Sentence Reduction ("Motion") filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. No. 103]. In his Motion, Defendant cites the newly enacted USSG §1B1.13 policy statement, arguing that extraordinary and compelling circumstances warrant a reduction of sentence because: 1) he would no longer be a career offender under the Sentencing Guidelines or subsequent law, thereby creating a sentencing disparity between his sentence and the sentence he would receive today; 2) chronic medical conditions mitigate his risk to the community and place him at risk should he succumb to a COVID-19 infection, and 3) that the Bureau of Prisons is incapable of properly treating Defendant's medical concerns and protect him from the risk of a COVID-19 infection. *Id*.

The Court finds that Defendant has exhausted his administrative remedies, giving this Court jurisdiction to consider his Motion. *See* Dkt. No. 103, Ex. C.

For the reasons set forth below, Defendant's Motion [Dkt. No. 103] is DENIED.

## BACKGROUND

On September 16, 2008, Defendant pled guilty to counts two, four and five of a nine-count indictment, charging possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (counts 2 & 4), and interference with commerce, in violation of 18 U.S.C. § 1951 (count 5). On January 28, 2009, United States District Judge James H. Payne sentenced Defendant to a total term of imprisonment of 571 months, 151 months as to count 5, 120 months as to count 2, and 300 months as to count 4, all counts to run consecutively to each other. Dkt. No. 27 at 2. Defendant was also ordered to pay a $300 assessment and restitution to two payees totaling $11,126.02. *Id*. at 6. Defendant is currently imprisoned at FCI Butner Medium II. His presumptive release date is June 28, 2049.

Defendant filed his first § 3582(c) Motion in late-2020, arguing health concerns and the risk posed by COVID-19 and exemplary institutional adjustment [Dkt. No. 61]. This Court denied the motion, citing the violent nature of the instant crimes and Defendant's criminal past. Dkt. No. 65 at 2-3. In December 2020, Defendant filed a Motion to Reconsider [Dkt. No. 66], supplements to his motion, and a reply to the Government's opposition to his motion. In his motion and supplements, Defendant again argued health concerns and the threat of COVID-19 exposure, and that his stacked § 924(c) convictions exceeded what he would face if sentenced today. This Court denied Defendant's motion, noting that under current law, Defendant would likely be required to plea to additional § 924(c) counts, resulting in a sentencing range consistent with Defendant's actual conduct and comparable with similarly situated defendants [Dkt. No. 82 at 4-5] and § 3553(a) factors citing the violent nature of the instant crimes and Defendant's extensive and violent criminal past [*Id*. at 6]. Defendant appealed, and the Tenth Circuit affirmed based on a proper analysis of § 3553(a) factors. *United States v. Cleveland*, No. 21-5045, 2021 WL 4006179 at *2

(10th Cir. Sep. 3, 2021) [Dkt. No. 92]. In April 2023, defendant filed his second § 3582(c)(1) motion [Dkt. No. 95], arguing that, 1) he would no longer be a career offender under the sentencing guidelines or subject to the mandatory consecutive 25-year sentence for his § 924(c) convictions, thereby creating a sentencing disparity between his sentence and the sentence he would receive today; 2) chronic medical conditions mitigate his risk to the community and place him at risk should he succumb to a COVID-19 infection, and 3) exemplary post-conviction rehabilitation. The Court found that based on subsequent caselaw, defendant no longer qualifies as a career offender, and that this factor presented an "extraordinary and compelling reason" which may warrant a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1). *See* Dkt. No. 102, at 6. However, the Court found that based on analysis § 3553(a) factors, a reduction of sentence is not warranted, and the motion was denied. *Id.*, at 7-8.

## STANDARD OF LAW

The Tenth Circuit has adopted a three-step test for considering motions for compassionate release. *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (citing United States v. Jones, 980 F.3d 1098, 1107 (6th Cir. 2020)). The first step requires the Court to determine, at its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. Id. The second step requires that the Court find whether such reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. *Id*. The third step requires the Court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction authorized by steps one and two is warranted under the particular circumstances of the case. *Id*. The Court must address all three steps when granting such motion. *Maumau*, 993 F.3d at 831, n.4 (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)). However, because the policy statements of the Sentencing Commission have not been updated

since enactment of the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to file motions for compassionate release directly with the Court, the existing policy statements are not applicable to motions filed directly by defendants. *Maumau*, 993 F.3d at 834. Although the Circuit Court found that at step two, USSG §1B1.13 was not applicable because the existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants (*Maumau*, 993 F.3d at 834), the Sentencing Commission revised §1B1.13 effective November 1, 2023, thereby rendering the policy statement applicable and controlling the definition of "extraordinary and compelling reasons" when a prisoner initiates a § 3582(c)(1)(A) proceeding. Finally, if the Court finds that any of the three prerequisite steps are lacking, the Court may deny the compassionate release motion without addressing the additional steps. *Maumau*, 993 F.3d at 838 n.4. (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

## ANALYSIS

As to step one, the Court must determine, in its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. *Maumau*, 993 F.3d at 831. Defendant, as previously argued, again asserts that his sentence should be reduced for the following extraordinary and compelling reasons: that he is no longer a career offender under the sentencing guidelines and the Tenth Circuit's decision in *O'Connor*, creating a sentencing disparity between his sentence and the sentence he would receive if sentenced today; and that he suffers from chronic medical conditions which place him at greater risk of severe illness if infected with COVID-19, that the Bureau of Prison is incapable of properly treating his medical concerns and protecting him from infectious deceases, and his threat to the community if released is mitigated by his medical conditions. Dkt. No. 103, at 1 – 6. The only material difference between the instant motion and

previous pleadings is Defendant's contention that recently revised USSG §1B1.13 factors repudiate aspects of this Court's previous rulings, thereby supporting a reduction of sentence. *Id.*, at 1.

It is true that newly enacted §1B1.13 cite factors relevant to Defendant's argument. *See* §1B1.13(b)(1) – Medical Circumstances of the Defendant, and §1B1.13(6) – Unusually Long Sentence. Guideline Manual (November 1, 2023), at 47-51. Revised §1B1.13(b)(1) establishes that an extraordinary and compelling factor is present if a defendant: is suffering from a terminal illness with an end-of-life trajectory [§(b)(1)(A)]; is suffering from a serious medical condition, cognitive impairment, or deteriorating physical or mental health due to the aging process that substantially diminishes the ability for self-care [§(b)(1)(B)]; is suffering from a medical condition requiring specialized care that is not being provided [§(b)(1)(C)]; or is housed in a facility at risk or affected by an ongoing outbreak of an infectious disease or health emergency that places a defendant at increase risk of severe complications or death and this risk cannot be mitigated in a timely manner [§(b)(1)(D)]. This Court previously found that Defendant's medical history of diverticulitis, prostate cancer, hypertension, and occasional abdominal pain do not place him at undue risk. This finding was based upon ". . . Defendant's imprisonment at a facility capable of providing immediate diagnosis and specialized treatment for a wide range of health concerns; his current medical care classification; and Defendant's medical records depicting comprehensive medical care, which includes routine follow-up care and ongoing monitoring of his health concerns…[that] Defendant clearly suffers from chronic health comorbidities. However, he has not demonstrated that his imprisonment places him in jeopardy of life-threatening complications based on this Court's examination of his various medical conditions, classification status, and treatment history." Dkt. No. 102, at 5-6. Nothing in §1B1.13(b)(1)(A)-(C) alters this Court's

previous finding. As to §1B1.13(b)(1)(D), although Defendant is housed in a facility currently affected by an ongoing infectious disease outbreak as 28.5% of the inmates have tested positive for COVID-19,[1] the nature of Defendant's medical diagnoses and his treatment regimen effectively reduce the risk of severe complications or death should he succumb to the disease. Defendant has not met his burden in establishing an extraordinary and compelling reason for relief under §1B1.13(b)(1)(A)-(D).

This Court previously found that an extraordinary and compelling reason existed based on subsequent changes in the law that resulted in Defendant serving a longer sentence than like defendants sentenced today [Dkt. No. 102, at 6], effectively applying revised §1B1.13(6). This factor remains a basis for reduction of sentence. However, this Court previously found that § 3553(a) factors outweighed this basis for relief, resulting in denial of the Motion [*Id.*, at 6 – 8]. Even if Defendant met his burden in establishing a basis for relief based on medical circumstances found in revised §1B1.13(b)(1), this Court would, based on § 3553(a) analysis, again deny the motion. The November 2023 version of USSG §1B1.13 does not circumvent or alter a district court's responsibility to consider the third step in *Maumau* -- to assess any applicable § 3553(a) factors in deciding a § 3582(c)(1) motion. *See* §1B1.13(a); *see also United States v. Malone*, 57 F.4th 167, 176 (4th Cir. 2023) (holding that following the applicability of the 2023-revised §1B1.13, courts must consider whether a sentence reduction is appropriate in light of applicable sentencing factors in § 3553(a)).

---

[1] According to BOP Inmate COVID-19 data, of the 1,407 inmates at FCI Butner, Medium II, 401 inmates and zero staff have tested positive for COVID-19. *See* https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp, last reviewed on January 30, 2024.

Having again found that an extraordinary and compelling circumstance exists that may warrant a reduction of sentence and that Sentencing Commission policy statements in §1B1.13 are applicable, the Court must next consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether a reduction is warranted and, if so, to arrive at an appropriate sentence. Defendant's instant crimes involved three separate robberies, each involving the brandishing of a firearm and threats of injury or death. In one robbery, when a customer did not comply with Defendant's commands, Defendant responded by discharging a round in the customer's direction, which resulted in the ejected shell jamming the weapon. Noticing the weapon was inoperable, another customer intervened and during the struggle, Defendant struck the customer in the head. PSR, ¶¶ 6-9. The Court notes that Defendant committed the instant offenses within ten months of his release from supervision by the Oklahoma Department of Corrections for four separate robbery with firearms convictions and one conviction for assault and battery with a dangerous weapon (edged instrument resulting in bodily injury). *See* PSR ¶¶ 33 – 37. In addition, Defendant has a history of several arrests for violent crimes, including strong arm robbery, where Defendant allegedly pulled a knife and attempted to cut the victim (PSR ¶ 41); assault with a dangerous weapon, alleging Defendant attempted to strike the victim with a bat (PSR ¶ 42); and aggravated assault with a dangerous weapon, alleging Defendant attempted to stab a woman with a knife (PSR ¶ 43). Defendant is a serial armed robber who has repeatedly demonstrated he has no reservations about using violence against others. Further, Defendant's criminal history suggests he will likely reoffend shortly upon release. The extent and serious nature of the instant conduct and Defendant's extensive and violent criminal history constitute aggravating factors that heavily weigh against any modification of sentence. If a proposed modified sentence strays too far from the original sentence, § 3553(a) factors cannot support the sentence reduction, even where a defendant presents

an extraordinary and compelling circumstance. Reducing Defendant's sentence by a significant amount would produce a sentence that no longer reflects the seriousness of the offenses, promotes respect for the law, and affords adequate deterrence to criminal conduct. Further, as set out in the dissent in *Maumau,* 993 F.3d at 838 (Tymkovich, J. concurring), cases rising to the level of extraordinary and compelling "should be relatively rare" and based on a consideration of a defendant's individualized circumstances. Consequently, based on the Court's analysis and balancing of the basis for reduction of sentence against § 3553(a) factors, a reduction in sentence is not warranted.

The Court finds that the original sentence is sufficient, but not greater than necessary, to comply with the purposes of imposing a sentence. Consideration of § 3553(a) factors justify the sentence imposed after consideration of the nature and characteristics of the Defendant, the seriousness of the offenses, the need to promote respect for the law, the necessity to protect the community from further crimes by Defendant, and the need to provide for adequate deterrence. 18 U.S.C. § 3553(a)(1) & (2)(A)-(D).

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release and Sentence Reduction filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. No. 103] is DENIED.

Dated this 6th day of February 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE